UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER MALLOYD, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 3:15-cv-00971 |
| -vs- | ) | |
| | ) | |
| COUNTY OF ST. CLAIR, ST. CLAIR COUNTY | ) | |
| SHERIFF'S DEPARTMENT, THOMAS TRICE, | ) | JURY TRIAL DEMANDED |
| and As-Yet Unknown County of St. Clair | ) | |
| Employees, | ) | |
| | ) | |
| and, | ) | |
| | ) | |
| ILLINOIS DEPARTMENT OF CORRECTIONS, | ) | |
| ANGELA CHANEY, THOMAS GORDON, and | ) | |
| JESSE TEVERBAUGH, and As-Yet Unknown | ) | |
| Illinois Department of Corrections Employees, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Christopher Malloyd, by and through Counsel, and for his cause of action against Defendants, states as follows:

### Nature of Action, Jurisdiction and Venue

1.  Plaintiff files this action to seek redress for injuries and damages incurred because of his wrongful arrest and incarceration for a parole violation that he did not commit.

2.  This action is brought pursuant to 42 U.S.C. § 1983 to remedy deprivation of Plaintiff's rights as secured by the United States Constitution.

3.  This Court has jurisdiction pursuant to the provisions of 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3), and state law claims pursuant to 28 U.S.C. § 1367.

4.  Venue is proper under 28 U.S.C. § 1391(b). Plaintiff resides in this judicial district and the events giving rise to the claims asserted herein occurred within this judicial district.

**The Parties**

5.      Plaintiff is a citizen of the State of Illinois who resides within this judicial district. He is currently twenty-five years old.

6.      Defendant St. Clair County is a unit of local government within the State of Illinois.

7.      Defendant St. Clair County Sheriff's Department is a unit of local government within St. Clair County, State of Illinois.

8.      Defendants St. Clair County and St. Clair County Sheriff's Department were at all relevant times the employer of Defendant Trice and are therefore necessary parties to this lawsuit.

9.      At all relevant times, Defendant Thomas Trice was a Captain of the St. Clair County Sheriff's Department and was acting under color of law and within the scope of his employment.

10.     Defendant Illinois Department of Corrections is, and at all relevant times was, a government agency in charge of the administration of all Illinois state prisons.

11.     Illinois Department of Corrections was at all relevant times the employer of Defendants Angela Chaney, Thomas Gordon and Jesse Teverbaugh, and is therefore a necessary party to this lawsuit.

12.     At all relevant times, Defendants Chaney, Gordon and Teverbaugh were parole agents with the Illinois Department of Corrections and were acting under color of law and within the scope of their employment.

13.     Defendants Trice, Chaney, Gordon, Teverbaugh and As-Yet Unknown St. Clair County and Illinois Department of Corrections Employees are referred to collectively as the "Defendant Employees." All of these defendants are sued in their individual capacities.

### Awards Ceremony at the Collinsville Gateway Center

14.     On September 13, 2014, Plaintiff attended the awards ceremony of the Unity Lutheran Church of East St. Louis at the Collinsville Gateway Center.

15.     On September 13, 2014, Defendant Trice attended the same event as Plaintiff at the Collinsville Gateway Center.

16.     Defendant Trice is or previously was the Assistant Jail Superintendent for the St. Clair County Sheriff's Department and knows Plaintiff from Plaintiff's previous period of incarceration.

17.     Following the conclusion of the awards ceremony, Defendant Trice approached Plaintiff and offered to shake Plaintiff's hand.

18.     Plaintiff declined to shake Defendant Trice's hand.

19.     Both Plaintiff and Defendant Trice then walked away from each other without any incident.

20.     Immediately after, Defendant Trice made a phone call to an off-duty Sargent with St. Clair County Sheriff's Department claiming that a disturbance had taken place that required the assistance of police.

21.     Defendant Trice specifically instructed the off-duty Sargent to keep his identity anonymous.

22.     Defendant Trice did not call 911 or the Collinsville Police Department to report this incident.

23.     The off-duty Sargent did not call 911 or the Collinsville Police Department to report the incident, but instead contacted the St. Clair County Sheriff's Office dispatch, who then contacted the Collinsville Police Department.

24.     Officers from the Collinsville Police Department were dispatched to the Collinsville Gateway Center to investigate the matter.

25.     The Collinsville Police Department conducted an investigation and interviewed Defendant Trice, Plaintiff, Clifford Malloyd, Kyerra Massey and an as-yet unknown employee of the Gateway Center.

26.     The as-yet unknown employee of the Gateway Center confirmed with the Collinsville Police Department that he/she was unaware of any issues between Defendant Trice and Plaintiff at the Gateway Center.

27.     Defendant Trice, Plaintiff, Clifford Malloyd and Kyerra Massey all informed the Collinsville Police Department's officers that only a verbal dispute took place.

28.     Following the investigation, the Collinsville Police Department determined that there was no wrongdoing on the part of Plaintiff, and no charges were issued.

29.     Neither the Collinsville Police Department nor any prosecutor's office has ever pursued any charges as a result of this incident.

### Defendant Trice's Criminal Complaint Report

30.     Immediately following the incident at the Collinsville Gateway Center, Defendant Trice wrote a St. Clair County Sheriff's Department Criminal Complaint Report, Complaint #14-26598, detailing his version of events regarding the incident with Plaintiff.

31.     Defendant Trice's Report states that Plaintiff approached him at the Gateway Center.

32.     Defendant Trice's Report states that Plaintiff threatened Defendant Trice during the dispute at the Gateway Center.

33.     Defendant Trice's Report further states that he was in fear of his life and the life of the people he was with at the event.

34.     More specifically, Defendant Trice states "As I was speaking with the Collinsville Police, I was advised that C. Malloyd was observed going to his car and appeared to be getting something from his car and was on his way back inside the facility.  Informed the Collinsville Police of the situation and what people had observed."

35.     Defendant Trice states in his report that he asked the Collinsville Police Department to write a report of the incident at the Gateway Center, and Defendant Trice referenced the Collinsville report number in his own report.

36.     Defendant Trice's report conflicts with the Collinsville Police Department's investigation.

<b>Illinois Department of Corrections' Investigation</b>

37.     On September 15, 2014, Defendant Gordon wrote an Illinois Department of Corrections Parole Violation Report regarding the incident on September 13, 2014.

38.     The report states that on September 15, 2014, Defendant Chaney, District 4 parole commander for the Illinois Department of Corrections, received a call from Defendant Trice regarding the incident from September 13, 2014.

39.     The majority of Defendant Gordon's report is copied directly from Defendant Trice's report.

40.     Defendant Gordon states in his report that "Commander Chaney advised she would investigate the matter and handle as appropriate."

41.     No investigation was done regarding Plaintiff's alleged parole violation.

42.     Defendant Gordon states in his report that "Collinsville Police Report was not available at the time of this report, amended report will be submitted upon receipt."

43.     Defendant Chaney's investigation did not rely upon the Collinsville Police Report.

44.     Defendant Gordon's investigation did not rely upon the Collinsville Police Report.

45.     Defendant Chaney did not contact the Collinsville Police Department regarding the incident on September 13, 2014.

46.     Defendant Gordon did not contact the Collinsville Police Department regarding the incident on September 13, 2014.

47.     Defendant Gordon never created an amended Illinois Department of Corrections Parole Violation Report to reflect information contained in the Collinsville Police Report.

48.     Defendant Chaney did not investigate whether Plaintiff was employed.

49.     Defendant Gordon did not investigate whether Plaintiff was employed.

50.     At all times mentioned herein, Plaintiff was lawfully employed at Raqqa, Inc. and EJ Johnson Tax Services.

51.     Plaintiff's employers were never contacted by the Defendant Employees.

52.     Section B of the Parole Violation Report completed by Defendant Gordon allows for the parole officer to check boxes indicating the alleged violations of a parolee's conditions of parole or mandatory supervised release agreement.

53.     Section B of the Parole Violation Report completed by Defendant Gordon includes checked boxes for "1. Violation of any criminal statute." and "16. Failure to comply with the following additional conditions of release (PRB orders and/or Rules 17-37, be specific): substance abuse PGM, Electronic detention, Anger management, No victim contact (any victim of prior offenses), seek employment and seek employment."

54.     No evidence existed that Plaintiff had violated any criminal statute.

55.     No evidence existed that Plaintiff had violated his additional condition of "substance abuse PGM."

56.     No evidence existed that Plaintiff had violated his additional condition of "Electronic detention."

57.     No evidence existed that Plaintiff had violated his additional condition of "Anger management."

58.     No evidence existed that Plaintiff had violated his additional condition of "No victim contact."

59.     No evidence existed that Plaintiff had violated his additional condition of "seek employment and seek employment."

60.     Defendants Trice, Chaney and Gordon had no evidence that Plaintiff had violated any of the conditions of parole as alleged in Defendant Gordon's report.

61.     At the request and direction of Defendant Trice and Defendant Chaney, Defendant Gordon sought and obtained a Warrant for Plaintiff's arrest.

62.     The application for the Warrant was solely based on Defendant Gordon's false Parole Violation Report, which was based on Defendant Trice's false Criminal Complaint Report.

**The False Arrest of Plaintiff**

63.     At 6:00 p.m. on September 15, 2014, Plaintiff arrived at the Kenneth Hall Building in East St. Louis, Illinois, to report to his parole officer, as previously scheduled.

64.     When Plaintiff arrived he was immediately arrested by Defendant Gordon and Defendant Teverbaugh, placed in handcuffs and had his vehicle searched by Defendant Gordon.

65.     Defendant Gordon and Defendant Teverbaugh did not inform Plaintiff why he was being arrested.

66.     At no time was Plaintiff free to leave the custody of Defendant Gordon or Defendant Teverbaugh.

67.     Plaintiff was transported to the St. Clair County Jail.

**Plaintiff's Incarceration and Release Following Parole Violation Hearing**

68.     Plaintiff was incarcerated for fifty-three days on the sole basis of the false alleged Parole Violation.

69.     Plaintiff was transferred to the St. Clair County Jail in Belleville, Illinois, where he was detained for approximately the next two days on the sole basis of the false alleged Parole Violation.

70.     Plaintiff was then transferred to the Menard Correctional Center in Chester, Illinois, where he was detained for approximately the next fifteen days on the sole basis of the false alleged Parole Violation.

71.     Plaintiff was then transferred to the Illinois River Correctional Center in Canton, Illinois, where he was detained for approximately the next thirty-six days on the sole basis of the false alleged Parole Violation.  This constituted the remainder of his incarceration.

72.     At the time of Plaintiff's incarceration, the Collinsville Police Report was available to the public, including all Defendants.

73.     At the time of Plaintiff's incarceration, no charges were pursued against him regarding the incident at the Gateway Center on September 13, 2014.

74.     At the time of Plaintiff's incarceration, Plaintiff's employers provided letters to the Illinois Parole Review Board informing the members of the Board that Plaintiff was in fact employed.

75.     At the time of Plaintiff's incarceration, Defendant Trice was subpoenaed by Janell S. Byas to testify against Plaintiff in Plaintiff's child custody case pending in St. Clair County, Illinois Circuit Court, Case Number 14-F-394, specifically regarding the facts of Plaintiff's arrest.

76.     Defendant Trice did not appear to testify pursuant to the subpoena referenced in Paragraph 75.

77.     On November 5, 2014, Plaintiff finally received a parole violation hearing.

78.     At the hearing, Plaintiff was found to have not violated his parole.

79.     The members of the Prison Review Board ruled that "Inmate, attorney and inmate's family heard.  Credible testimony conflicts with initial complaint, including the fact that inmate was employed.  No charges from local police."

80.     Plaintiff was ordered released following fifty-two days of confinement, and was released the following day, constituting fifty-three days of confinement.

81.     But for Defendants' actions, Plaintiff would have never been arrested or detained.

### Count I – 42 U.S.C. § 1983
### False Arrest

82.     Each paragraph of this Complaint is incorporated as if restated fully herein.

83.     Defendant Gordon, acting at the direction of Defendants Trice and Chaney, and with the assistance of Defendant Teverbaugh, caused Plaintiff to be arrested and detained against his will and without probable cause or reasonable suspicion in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

84.     That the aforesaid arrest and detention of Plaintiff directed by Defendants Trice and Chaney and effectuated by Defendants Gordon and Teverbaugh, acting by and through their agents, servants, and employees acting under color of law and within the course and scope thereof, and was performed knowingly, intentionally, maliciously, unlawfully, and without just cause, legal justification, or provocation therefor.

85.     As a direct and proximate result of the Defendants' misconduct, Plaintiff suffered injuries, as more fully alleged below.

### Count II – 42 U.S.C. § 1983
### Conspiracy to Deprive Constitutional Rights

86.     Each paragraph of this Complaint is incorporated as if restated fully herein.

87.     Following the incident at the Gateway Center, Defendant Trice wrote a false Criminal Complaint Report and contacted Defendant Chaney, who in turn contacted Defendant Gordon and other as-yet-unknown co-conspirators, and reached an agreement among themselves to frame Plaintiff for a parole violation and to thereby deprive Plaintiff of his constitutional rights, including his right to be free from false arrest and false imprisonment, as described in the paragraphs above.

88.     In this manner, the Defendant Employees, acting in concert with other as-yet unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

89.     In furtherance of the conspiracy, each of the co-conspirators committed overt acts, as described above in the Complaint, and was an otherwise willful participant in joint activity.

90.     Each of the individually named Defendants acted maliciously, willfully, wantonly, and/or with reckless disregard for Plaintiff's clearly established constitutional rights.

91.     As a direct and proximate result of the Defendants' misconduct, Plaintiff suffered injuries, as more fully alleged below.

## Count III – State Law Claim
### Intentional Infliction of Emotional Distress

92.     Each paragraph of this Complaint is incorporated as if restated fully herein.

93.     The acts and conduct of the Defendant Employees, as set forth above, were extreme and outrageous.  The Defendants' actions were rooted in an abuse of power and authority, and they were undertaken with the intent to cause, or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to Plaintiff, as is more fully alleged below.

94.     As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer severe emotional distress.

## Count IV – State Law Claim
### Civil Conspiracy

95.     Each paragraph of this Complaint is incorporated as if restated fully herein.

96.     As described more fully in the preceding paragraphs, the Defendant Employees, acting in concert with other as-yet unknown co-conspirators, conspired by concerted action to accomplish an unlawful purpose by unlawful means.

97.     In furtherance of the conspiracy, the Defendants committed overt acts and were otherwise willful participants in joint activity including but not limited to the malicious framing of a parole violation by Plaintiff, leading to his false arrest and imprisonment, and causing the intentional infliction of emotional distress upon him.

98.     The misconduct described in this Count was undertaken intentionally, with malice, willfulness, and reckless indifference to Plaintiff's rights.

99.     As a direct and proximate result of the Defendants' conspiracy, Plaintiff suffered injuries, including severe emotional distress and anguish, as is more fully alleged above.

### Count V – State Law Claim
### Respondeat Superior

100.    Each paragraph of this Complaint is incorporated as if restated fully herein.

101.    In committing the acts alleged in the preceding paragraphs, Defendant Trice was a member of, and agent of, the St. Clair County Sheriff's Department, acting at all relevant times under the color of law and within the scope of his employment.

102.    Defendant St. Clair County is liable as principal for all torts in violation of state law committed by its agents.

103.    In committing the acts alleged in the preceding paragraphs, Defendants Chaney, Gordon and Teverbaugh were members of, and agents of, the Illinois Department of Corrections, acting at all relevant times under the color of law and within the scope of their employment.

104.    Defendant Illinois Department of Corrections is liable as principal for all torts in violation of state law committed by its agents.

### Count VI – State Law Claim
### Indemnification

105.    Each paragraph of this Complaint is incorporated as if restated fully herein.

106.    Illinois law, pursuant to 745 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

107.    Defendant Trice and As-Yet Unknown County of St. Clair Employees are or were employees of the St. Clair County Sheriff's Department who acted under the color of law and

within the scope of their employment in committing the misconduct described herein.  St. Clair County is liable for any judgment entered against the individual Defendants in this action.

108.    Defendants Chaney, Gordon, Teverbaugh and As-Yet Unknown Illinois Department of Corrections Employees, are or were employees of the Illinois Department of Corrections who acted under the color of law and within the scope of their employment in committing the misconduct described herein.  Illinois Department of Corrections is liable for any judgment entered against the individual Defendants in this action.

<b>Plaintiff's Damages</b>

109.    Plaintiff was held against his will for fifty-three days while he waited for a parole violation hearing and the opportunity to be released.  Evidence became available during his incarceration that brought the Defendants' fraud to light, yet Plaintiff remained incarcerated.  He was in a seemingly hopeless situation as he lost his fundamental freedom to live his life as an autonomous human being.

110.    Plaintiff had two jobs prior to his false arrest and lost wages that he would have otherwise earned during that time.  Additionally, he lost both jobs due to his incarceration and has suffered missed career opportunities due to the stigma of a prompt arrest following his parole.

111.    Due to his false arrest, Plaintiff temporarily lost his visitation rights with his daughter and was caused to spend additional attorney's fees on his child custody case.  He suffered a negative impact in such case due to the Court being made aware of his alleged parole violation and subsequent incarceration.

112.    Plaintiff was caused to spend attorney's fees for his parole violation hearing.

113.    Plaintiff temporarily lost his VA Benefits that he received for attending school.

114.    Plaintiff has incurred debt from having to withdraw from school following his incarceration and subsequent loss of his VA Benefits.  Plaintiff has suffered missed educational opportunities due to not being able to re-enroll in school without his VA Benefits.

115.    As a result of the foregoing, Plaintiff has suffered tremendous damage, including but not limited to loss of freedom, lost wages and loss of employment, attorney's fees, VA benefits, tuition, mental suffering, and loss of a normal life, all directly and proximately caused by Defendants' actions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, CHRISTOPHER MALLOYD, respectfully requests that this Court enter judgment in his favor and against Defendants, COUNTY OF ST. CLAIR, ST. CLAIR COUNTY SHERIFF'S DEPARTMENT, THOMAS TRICE, As-Yet Unknown County of St. Clair Employees, ILLINOIS DEPARTMENT OF CORRECTIONS, Parole Agents ANGELA CHANEY, THOMAS GORDON AND JESSE TEVERBAUGH, and As-Yet Unknown Illinois Department of Corrections Employees, award compensatory damages against each Defendant, award punitive damages for the intentional and callous conduct of Defendant Trice and Defendant Chaney, award Plaintiff his costs, expenses and reasonable attorney's fees as permitted by 42 U.S.C. § 1988, for this action, as well as any other relief this Court deems appropriate.

### JURY DEMAND

Plaintiff CHRISTOPHER MALLOYD hereby demands a trial by jury.

Respectfully submitted,


/s/ Anthony J. Dacey
Anthony J. Dacey, #6301575
Dacey Law, LLC
anthonydaceylaw@gmail.com
5205 Hampton Avenue
St. Louis, Missouri  63109
Tel:  (314) 535-2122
Fax: (314) 353-0181
*Attorney for Plaintiff*