IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHRISTOPHER MALLOYD | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 15-CV-971-SMY-DGW |
| | ) |
| COUNTY OF ST. CLAIR, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions for summary judgment filed by Defendants Thomas Trice, County of St. Clair, and St. Clair Sheriff's Department (Doc. 62) and Defendants IDOC[1], Angela Chaney, Thomas Gordon and Jesse Teverbaugh (Doc. 67). Plaintiff filed Responses (Docs. 69 and 71). For the following reasons, Defendants Chaney, Gordon, and Teverbaugh's motion is **GRANTED** and Defendants Trice, County of St. Clair, and St. Clair Sheriff's Department's motion is **GRANTED in part and DENIED in part**.

### Background

In 2009, Plaintiff Christopher Malloyd was arrested for armed robbery. He was detained at the St. Clair County Jail from 2009 until 2011. While detained, Plaintiff met Defendant Thomas Trice who worked at the jail during that time. After serving time for his conviction, Plaintiff was released from the Illinois Department of Corrections on April 16, 2014.

On September 13, 2014, Plaintiff attended an awards ceremony hosted by Unity Lutheran Church at the Collinsville Gateway Center in Collinsville, Illinois. Plaintiff's grandmother was

---

[1] The motions for summary judgment were filed while a motion to dismiss IDOC was still pending. The Court has since granted that motion (Doc. 72).

1

being honored. Trice also received an award at the ceremony. After the ceremony Plaintiff and Trice had a verbal dispute and Plaintiff refused to shake Trice's hand. As a result of this encounter, Trice's wife called his former law enforcement partner Wiliam Kenney. Kenney reported the incident to St. Clair County Dispatch. Mark Terveer, an officer with the Collinsville Police Department, was dispatched to the scene. Upon arrival, Officer Terveer spoke with Plaintiff, Trice, Plaintiff's father Clifford Malloyd, and Plaintiff's then girlfriend.

On September 15, 2014, Trice discovered that Plaintiff was on parole and filed a Criminal Complaint Report regarding the incident. He discussed the incident with Defendant Angela Chaney, IDOC Parole Commander, and provided her with his report. Chaney advised IDOC Chief of Parole, Jason Garnett, of her conversation with Trice. Garnett instructed then Chaney to issue a warrant. Chaney did not contact Plaintiff or his parole officers before applying for the warrant. She never contacted anyone with the Collinsville Police Department regarding the incident nor did she obtain the Collinsville Police Report.

There are inconsistencies between Trice's Report and Officer Terveer and Plaintiff's accounts of the incident. In his Report, Trice states that he asked Officer Terveer to write a report because he feared for his life and the life of the people he was with at the event. However, Officer Terveer testified that Trice never informed him that he feared for his life. Trice also wrote in his Report that Plaintiff "walked towards me in an aggressive manner with his fist closed" and that he made threatening statements. He stated that he believed Plaintiff and his father were going to attack him. Trice's account of the incident is not documented in Officer Terveer's report and he denies being provided that information.

The original draft of the Parole Violation Report and Notice of Charges was prepared by Gordon and later reviewed by Chaney. The Parole Violation Report is a 4-page document with 2

2

sections. The Notice of Charges section alleges that Plaintiff committed a variety of parole violations, including violation of a criminal statute and violations of "substance abuse PGM, Electronic detention, Anger management, No victim contact (any victim of prior offenses) seek employment and seek employment." The narrative section of the Report contains one allegation of a parole violation, which mirrors Trice's Criminal Complaint Report. Trice's Report contains inconsistencies with Plaintiff's version of the incident as well as Officer Terveer's report.

Plaintiff was arrested on the warrant by IDOC parole agents Defendants Thomas Gordon (Plaintiff's parole agent at the time) and Jesse Teverbaugh on September 15, 2014. Neither Gordon nor Teverbaugh were involved with the issuance of the warrant.

The procedures for with respect to parole violations require that a parole violation report be prepared within three days and the parolee must be served with the violation report within five days. The parolee may then choose to have a preliminary hearing before a neutral arbitrator to determine if probable cause of a parole violation exists or waive the preliminary hearing and go before the Parole Review Board. Plaintiff received the Parole Violation Report on September 17, 2014. He signed it that same day and waived his preliminary hearing.

Plaintiff was detained at Menard Correctional Center shortly after his arrest, where he remained for 53 days until his parole review hearing on November 5, 2014. The Board found that Plaintiff had not violated the terms of his parole, and he was released on November 6, 2014.

## Discussion

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The

moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). In deciding a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

### *Count I – False Arrest*

A parole agent may be liable for an unreasonable seizure under the Fourth Amendment if he requests an arrest warrant without reasonable suspicion to believe that the plaintiff violated the conditions of his parole. *Knox v. Smith,* 342 F.3d 651, 657 (7th Cir. 2003). The reasonable suspicion standard requires something less than probable cause, but more than a hunch. The standard is met when there is some objective manifestation that a person is, or is about to be, engaged in prohibited activity. *Id.* at 659 (*citing United States v. Lenoir,* 318 F.3d 725, 729 (7th Cir. 2003)). Parolees have a more limited liberty interest than other citizens, justifying this reduced showing. *Knox,* 342 F.3d at 657 (citing *Morrissey v. Brewer,* 408 U.S. 471, 480 (1972).

The question of whether an officer had a reasonable suspicion is dependent on a consideration of "the totality of the circumstances and inferences about human behavior." *United States v. Oglesby,* 597 F.3d 891, 894 (7th Cir. 2010). The "totality of the circumstances" approach "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information." *United States v. Arvizu,* 534

U.S. 266, 273 (2002). Although probable cause and reasonable suspicion are normally mixed questions of law and fact, summary judgment may be appropriate if the determination is based on the plaintiff's version of events. *Knox,* 342 F.3d at 657. Thus, the Court must determine whether the facts, taken in a light most favorable to Plaintiff, establish that the warrant request was done without reasonable suspicion to believe that Plaintiff had violated the terms of his parole.

The warrant issued for Plaintiff indicated that he had violated a criminal statute for threats against law enforcement. Other concerns with Plaintiff's compliance with the terms and conditions of his parole included lack of employment, curfew violation, failures to report and positive drug tests. However, Plaintiff points out that no one from IDOC had previously applied for a warrant for his arrest while he was on parole, and there was no indication that any plans existed to do so. Plaintiff also maintains that his parole file contained several positive remarks.

Plaintiff contends that Chaney was unfamiliar with him prior to her conversation with Trice. He notes that immediately following Chaney's conversation with Trice – and without obtaining the Collinsville Police Report or obtaining any other information – Chaney contacted her chief of parole and a warrant was issued.

In determining whether information submitted to a judicial officer in support of a warrant application was sufficient to establish probable cause, courts look only at what the officer knew at the time she sought the warrant – not at how things turned out in hindsight. *Hebron v. Touhy,* 18 F.3d 421, 423 (7th Cir. 1994). The complaint of a single witness is generally sufficient to establish probable cause to arrest unless the complaint would lead a reasonable officer to be suspicious, in which case the officer has a further duty to investigate. *Woods v. City of Chicago,* 234 F.3d 979, 987 (7th Cir. 2001). In crediting the complaint of a reasonably

believable witness, the officer is under no constitutional obligation to exclude all suggestions that the witness is not telling the truth. *Spiegel v. Cortese,* 196 F.3d 717, 724–25 (7th Cir. 2000).

Here, even when viewed in the light most favorable to Plaintiff, Chaney had reasonable suspicion to believe that Plaintiff had violated the terms of his parole. No factual dispute exists regarding Plaintiff's noncompliance with the terms of his parole. He had several positive drug tests and failures to report in the months leading up to his arrest (*See, e.g.*, Doc. 68-1 at 83-84; Doc. 68-7 at 110, 112-113). Although Trice might have given Chaney false information which she accepted as true, "…[it] was not required for the warrant to issue" *Knox* at 658 (citing *Beauchamp v. City of Noblesville, Ind.*, 320 F.3d 733, 742 (7th Cir. 2003)). Because reasonable suspicion existed to issue the warrant, Chaney is entitled to summary judgment on Plaintiff's false arrest claim.[2]

However, material issues of fact remain as to whether Trice knowingly provided false information to Chaney which directly led to the warrant being obtained for his arrest. The narrative section of the Parole Violation Report mirrored Trice's Criminal Complaint Report verbatim. There are material inconsistencies between Trice's Report, Plaintiff's version of the incident, and Officer Terveer's report. Specifically, Trice told Officer Terveer that he feared for his life, that Plaintiff was the aggressor during the incident, and that Plaintiff fled the scene. However, both Plaintiff and Officer Terveer deny the accuracy of Trice's Report. As such, there is evidence from which a jury could reasonably conclude that Trice knowingly provided Chaney with false allegations that directly led to Plaintiff's arrest. Accordingly, summary judgment is **DENIED** as to Trice.

*Count II and Count IV – Conspiracy to Cause False Imprisonment*

---

[2] Given that Chaney had reasonable suspicion to issue the warrant, Defendants Teverbaugh and Gordon, who merely executed the legal warrant, are also entitled to summary judgment on Plaintiff's false arrest claim.

In Counts II and IV, Plaintiff alleges a conspiracy between the defendants to maliciously frame him for a parole violation. For a plaintiff to prove a conspiracy in a § 1983 claim, he must show that 1) the individuals reached an agreement to deprive him of his constitutional rights, and 2) overt acts in furtherance actually deprived him of those rights. *Beaman v. Souk*, 7 F. Supp. 3d 805, 827 (C.D. Ill. 2014), *aff'd sub nom. Beaman v. Freesmeyer*, 776 F.3d 500 (7th Cir. 2015). The conspirators need not have known the precise limits of the plan, but must have shared the same objective to violate constitutional rights and agreed to the general nature and scope of the conspiracy. *See Green v. Benden,* 281 F.3d 661, 665–66 (7th Cir. 2002).

Circumstantial evidence may be used to prove a conspiracy, but the evidence must not be speculative. *Williams v. Seniff,* 342 F.3d 774, 785 (7th Cir. 2003). The evidence must be "sufficient to permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Green,* 281 F.3d at 666; see also *Alexander v. City of South Bend,* 433 F.3d 550, 557 (7th Cir.2006) (frequent phone calls do not prove a conspiracy, they only prove that individuals were in contact); *Reasonover v. St. Louis Cnty., Mo.,* 447 F.3d 569, 582 (8th Cir. 2006) (Joint pursuit of an investigation based on a belief a suspect is guilty is not an unlawful conspiracy).

Trice contacted Chaney to report what they both agree was a serious incident and Chaney in turn issued the warrant for assaulting an officer. As previously noted, Plaintiff's arrest was based on a reasonable suspicion that he had violated his parole. Nevertheless, Plaintiff fixates on the fact that Chaney did not contact the Collinsville Police Department or obtain Officer Teveer's report to verify the validity of the allegations made by Trice. But flaws in an investigation are not evidence of a conspiracy. *See Beaman*, 7 F.Supp.3d at 828. The evidence in the record is insufficient to establish that Chaney and Trice had a "meeting of the minds" to

7

violate Plaintiff's rights. Accordingly, Defendants' motions are granted as to Plaintiff's conspiracy claim.

### *Count III – Intentional Infliction of Emotional Distress*

A claim of intentional infliction of emotional distress, requires three elements: (1) conduct that is truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress. *Cairel v. Alderden*, 821 F.3d 823, 835 (7th Cir. 2016)(citation omitted). Illinois courts generally consider three non-exclusive factors to decide whether conduct is objectively extreme and outrageous in particular cases: (1) the degree of power or authority the defendant holds over the plaintiff; (2) whether the defendant knew the plaintiff was particularly susceptible to emotional distress and acted inappropriately despite that knowledge; and (3) "whether the defendant reasonably believed that his objective was legitimate. *Cairel*, 821 F.3d at 835-36. Greater latitude is given to a defendant pursuing a reasonable objective even if that pursuit results in some amount of distress for a plaintiff." *Id.* at 836.

Here, the evidence is insufficient to support Plaintiff's claim for intentional infliction of emotional distress. Plaintiff's arrest was supported by reasonable suspicion that he had violated his parole. There is no evidence that Trice knew Plaintiff was particularly susceptible to emotional distress. The evidence is also lacking regarding Trice's intent to cause severe emotional distress. For these reasons, summary judgment is granted as to Count III.

### *Count V and Count VI – Respondeat Superior and Indemnity Claims*

Plaintiff's state law *respondeat* superior and indemnity claims are derivative of his false arrest claim. *See e.g. Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016). In that vein,

summary judgment as to the County of St. Clair and St. Clair Sheriff's Department's liability is improper since the liability of its officer, Defendant Trice, remains a triable issue. The same reasoning applies to the indemnification claim. Accordingly, Defendants' motion for summary judgment is denied as to Counts V and VI.

## Conclusion

Defendants Chaney, Gordon, and Teverbaugh's motion for summary judgment is **GRANTED**. Defendants Trice, County of St. Clair, and St. Clair Sheriff's Department's motion is **GRANTED** as to Plaintiff's conspiracy and intentional infliction of emotional distress claims and **DENIED** as to Plaintiff's false arrest, *respondeat* superior, and indemnification claims. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants Chaney, Gordon, and Teverbaugh and against Plaintiff at the close of this case.

**IT IS SO ORDERED.**

**DATED: March 30, 2018**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**